† KEIP V. THE LELAND & SMITH CO.

*Action to recover on certain notes, and for the foreclosure of a mortgage given for the security of the debt.*

HAYNES, J.

This action was brought to recover upon certain notes, and for the foreclosure of a mortgage that was given for the security of the debt. The record stands before us somewhat in this condition: That action was founded on five promissory notes, each given for the sum of $100. While they were not stated as causes of action separately, yet they were numbered 1, 2, 3, 4 and 5. The notes were to draw interest payable annually. Four of the notes had become due before the suit was commenced; the fifth note was not yet due. The sixth cause of action, setting forth the mortgage, shows and avers that to secure the payment of these notes, Joseph Keip, and Joseph Keip alone, executed a mortgage upon his interest in a certain lot and part of another lot situated in the city of Toledo. It avers that Mary Keip is the wife of Joseph Keip, and that she has or claims to have some interest by way of dower, and avers that whatever right she has, the plaintiff is informed and believes, is subject to the rights of this mortgagee, and leaves the matter standing in substantially that position. This mortgage was made about 1887 and 1888. A woman by the name of Jane Simons is made a party defendant. Jane Simons sets up that in 1891 she received from Catharine Keip, who is not made a party to this suit, a note made by Catherine Keip for a certain sum of money—two or three hundred dollars, I think—payable in five years therefrom, and that to secure the payment of that note, Joseph Keip and his wife, Mary Keip, executed a mortgage upon the interest of Joseph Keip on the lot mentioned in the plaintiff's petition, but does not include part of the lot, and

† Dismissed by Supreme Court for want of preparation, 4 News, 216.

prays that the interest of Mary be protected. No other pleadings were filed in the case. A decree was taken, in which it was recited that the case came on to be heard upon evidence offered by the plaintiff, and was argued by counsel, and thereupon the court proceeded to render a judgment, which found that the whole amount was due upon these notes. I should have said in passing that in the cause of action setting up the mortgage it is stated that there was a provision in the mortgage that if the interest was not paid as it fell due, or if the notes were not paid when they matured, then that the whole amount should become due, and that the mortgagee might proceed to foreclose his mortgage. The decree found that the whole amount was due upon the notes, and rendered judgment in gross for the whole amount of the notes and the interest on them, amounting to a little over $700, and then found that the interest of Joseph Keip in the land was one-sixth of the property, subject to the life estate of Catharine Keip, and ordered that if payment was not made within a certain time the one-sixth interest of Joseph Keip in the premises should be sold, subject to the life estate of Catharine Keip; and then found that Mary Keip, the wife of Joseph Keip, had no interest whatever in the premises by way of dower.

Defendant says that he does not care anything about the judgment—that Keip is insolvent; therefore the judgment for the amount due on the notes will be reversed. Plaintiff below has leave to withdraw his prayer for personal judgment.

Decree for personal judgment will be reversed, a finding of the amount due will be made, and the judgment in regard to the foreclosure and sale of the property will be affirmed. Costs to be divided. The case will be remanded for further proceedings.

*J. K. Hamilton,* for Plaintiff in Error.